UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT D. BAKER,

    Plaintiff,

v.                                                Case No.: _____

G & S ELECTRICAL OF NORTHWEST
FLORIDA, LLC and GEORGE D.
SITTON, IV,

    Defendants.
_____/

## INITIAL COMPLAINT

    COMES NOW the plaintiff, Scott D. Baker, by and through his undersigned counsel, and hereby files this Initial Complaint against defendants, G & S Electrical of Northwest Florida, LLC and George D. Sitton, IV, and alleges:

### *I. Jurisdiction and Venue*

    1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq*. This Court also has supplemental/pendent jurisdiction over plaintiff's state law claim.

    2.    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and

operate in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II.  Parties*

3. At all times relevant hereto, plaintiff, Scott D. Baker, was an employee of defendants.

4. At all times relevant hereto, defendant G & S Electrical of Northwest Florida, LLC (hereinafter at times "G & S") employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

5. Defendant G & S is subject to, and not exempt from, the FLSA.

6. Defendant George D. Sitton, IV (hereinafter at times "Sitton") was at all times relevant hereto a member of G & S, exercised control over G & S' operations, and played a substantial role in determining the terms and conditions of plaintiff's employment with G & S.

7. Defendant Sitton is subject to, and not exempt from, the FLSA.

### III.  Factual Allegations

8. Plaintiff, Scott D. Baker, began working for defendants in Pensacola, Florida on or about July 26, 2022.

9. In his employment with defendants, plaintiff provided services in G & S' heating, ventilation, and air conditioning section.

10. Plaintiff and defendants agreed he was an hourly employee who was to be compensated at an hourly rate for his hours worked.

11. At all times material hereto plaintiff was an "employee" of G & S within the meaning of the FLSA.

12. At all times material hereto plaintiff was an "employee" of Sitton within the meaning of the FLSA.

13. At all times material hereto defendant G & S was an "employer" of plaintiff within the meaning of the FLSA.

14. At all times material hereto defendant Sitton was an "employer" of plaintiff within the meaning of the FLSA.

15. In performing duties for defendants, plaintiff typically reported for work at G & S' office on Blackbird Lane in Pensacola, Florida. Plaintiff would then be dispatched on a company vehicle to one or more job sites, where he would perform work.

16. At the end of the workday, plaintiff was required to return to G & S' facilities on Blackbird Lane, after which he and/or someone he was working with would turn-in the company vehicle, unload any equipment which needed unloading, clean the vehicle as appropriate, and depart the premises.

17. Although plaintiff's workday included his traveling to and from various job sites, defendants did not pay plaintiff for travel time during his workday. Additionally, defendants did not pay plaintiff for work performed at the G & S premises. Instead, defendants only paid plaintiff for time he was actually present at job sites.

18. Plaintiff remained an employee of defendants until on or about October 22, 2022.

19. During his employment with defendants, plaintiff routinely worked in excess of 40 hours per week. Nevertheless, defendants failed to pay plaintiff premium pay for all of his overtime hours worked, as they refused to compensate him for hours worked away from job sites.

20. By failing to pay plaintiff for various hours which constituted work, defendants also failed to pay him the hourly wage they had agreed to pay him.

### *IV.  Count I -- Violation of Fair Labor Standards Act*
### *(Overtime)*

21.     Plaintiff realleges and incorporates herein paragraphs 1 through 20, above.

22.     Defendants are subject to, and not exempt from, the provisions of the FLSA.

23.     Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

24.     Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff's overtime wages when he worked in excess of forty (40) hours in a workweek.

25.     Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay him overtime wages as owed.  Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

26.     As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for his overtime labor at the legally required rate.

27.     Moreover, plaintiff has had to retain an attorney in order to collect the

legally required overtime wages owed to him by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorney's fees; and any other relief to which he may be entitled.

### VI.  Count II - Unpaid Wages
### (Against G & S Electrical of Northwest Florida, LLC)

28. Plaintiff realleges and incorporates herein paragraphs 1 through 20, above.

29. Defendant G & S breached its duty to pay plaintiff for all of his hours worked at the agreed upon rate, as it failed to pay him for work he performed away from job sites.

30. G & S therefore failed to compensate plaintiff for his work at the rate the parties had agreed.

31. Plaintiff has performed all conditions precedent to be performed by plaintiff or the conditions have occurred or have been waived.

37. Plaintiff has been required to hire an attorney to assist him with obtaining the wages which are owed to him.

WHEREFORE, plaintiffs demands judgment against G & S Electrical of

Northwest Florida, LLC for unpaid wages, interest (including pre-judgment interest), costs, attorneys' fees and any other relief to which he may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorney for Plaintiff
email@odomlawgroup.net
